IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| STEVEN DANIEL LEONARD, | : | |
| Plaintiff | : | |
| VS. | : | |
| UNITED STATES DISTRICT JUDGE KENNETH MARRA, *et al.*, | : | NO. 5:05-CV-262(CAR) |
| Defendants | : | **O R D E R** |

Plaintiff **STEVEN DANIEL LEONARD**,[1] a resident of Macon, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and ***Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics***, 403 U.S. 388 (1971). Because plaintiff's lawsuit is against federal defendants, it is more properly brought, and the Court will construe the complaint as having been exclusively brought, under ***Bivens***.

I. *MOTION TO PROCEED IN FORMA PAUPERIS*

Plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) (Tab # 2).

---

[1] Plaintiff is also attempting to bring this action on behalf of his minor children, "D.N.L. and D.A.L." Plaintiff may not present claims on behalf of his children without being represented by counsel. Consequently, the Court will not consider any claims relating to plaintiff's minor children. ***See Devine v. Indian River Co. Sch. Bd.***, 121 F.3d 576, 581-82 (11th Cir. 1997) (a non-attorney parent may not appear pro se on behalf of a minor child), ***cert. denied***, 522 U.S. 1110 (1998); and Fed.R.Civ.P. 17(c).

As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *IFP* is hereby **GRANTED**.

## II. STANDARD OF REVIEW

The Court has undertaken a review of the complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2).  That statute authorizes the Court to dismiss a *in forma pauperis* complaint if the Court determines that the action is:  (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## III.  BACKGROUND

In this action, plaintiff sues five United States District Judges in the Southern District of Florida, Rachel O'Malley, an agent with United States Marshal's Service ("USMS"), and "six

2

unknown USMS agents."[2] Plaintiff makes a wide variety of allegations against the various defendants regarding his perceived mistreatment by said defendants during the course of civil actions filed by plaintiff and the "Miami Police Trial." Plaintiff seeks unspecified declaratory and injunctive relief as well as compensatory and punitive damages in the amount of $100,000,000.00.

## *IV. DISCUSSION*

The Court initially notes that venue in this district is improper. The venue provision of 28 U.S.C. § 1391(b) provides in relevant part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ....

All defendants apparently reside, and all of the events in the complaint were alleged to have occurred, within the Southern District of Florida. 28 U.S.C. § 89(c). Accordingly, the proper

---

[2] Although not entirely clear, plaintiff also appears to name as defendants the United States Department of Justice, the USMS, and the United States itself. While the Supreme Court in *Bivens* ruled that a plaintiff may file suit for constitutional violations against federal officials in their individual capacity, there is no corresponding right to file suit against a federal agency. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484 (1994). Thus, plaintiff may not pursue his claim under *Bivens* against the United States Department of Justice and the USMS. Moreover, the United States has not waived its sovereign immunity under *Bivens*. *Meyer*, 510 U.S. at 484-86; *Bivens*, 403 U.S. at 410.

Plaintiff also names "Keith Klutz" and "unknown DOJ employees," but makes no allegations whatsoever regarding said individuals. The complaint against these defendants is therefore dismissed.

venue for plaintiff's claims is the Southern District of Florida, not the Middle District of Georgia.

Title 28 U.S.C. § 1406(a) provides that if jurisdiction is not proper in a court, that court may transfer the case to another court in which jurisdiction would be proper, but only if the transfer is in the interest of justice. Because plaintiff's claims set forth in his complaint are frivolous, a transfer of this case would not be in the interest of justice.

### A. COUNT ONE

In Count I of his complaint, plaintiff generally alleges that, in early 2003, United States District Judge Alan Gold ordered defendant Rachel O'Malley and other USMS agents to prohibit plaintiff's right of access to the Miami Federal Courthouse as well as to an unspecified judicial proceeding involving the "Miami Police Trial." Plaintiff does not state why he believes Judge Gold acted in barring plaintiff from the Miami Federal Courthouse and the judicial proceedings.

Claims against judges are generally barred by the judge's absolute immunity from liability for judicial acts. ***Stump v. Sparkman***, 435 U.S. 349, 356-57 (1978); ***Simmons v. Conger***, 86 F.3d 1080, 1084-85 (11th Cir.1996). The Supreme Court has recognized two circumstances in which a plaintiff may overcome a defendant's judicial immunity: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity .... Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." ***Mireles v. Waco***, 502 U.S. 9, 11-12 (1991) (citations omitted).

Whether an act is "judicial" depends on the "nature of the act itself, i.e., whether it is a function normally performed by a judge," as well as on "the expectations of the parties, i.e.,

4

whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. 362. "A judge acts in his judicial capacity when he exercises control over his courtroom." *Cameron v. Seitz*, 38 F.3d 264, 271 (6th Cir. 1994) (citing *Sheppard v. Maxwell*, 384 U.S. 333, 358 (1966) ("the courtroom and courthouse premises are subject to the control of the court")). The fact that Judge Gold's order was carried out by USMS agents does not "transform it from judicial to executive in character." *Levine v. Lawrence*, No. 03-CV-1694(DRH ETB), 2005 WL 1412143, at * 6 (E.D.N.Y. June 15, 2005). Accordingly, the Court finds that Judge Gold was functioning in his judicial capacity in barring plaintiff from the Miami Federal Courthouse and the above judicial proceeding.

Further, the Court finds that Judge Gold's actions were not taken in clear absence of all jurisdiction. Judges have "substantial the power to maintain the decorum and security of their courtrooms and the courthouses in which those courtrooms are located." *Huminski v. Corsones*, 386 F.3d 116, 140 (2d Cir. 2004). Therefore, Judge Gold did not lack jurisdiction for his decision in denying plaintiff access to the Miami Federal Courthouse and a judicial proceeding.

### B. COUNT TWO

In Count II of his complaint, plaintiff appears to allege that United States District Judge Fredrico Moreno summarily dismissed plaintiff's 2002 civil rights action against the United States Attorney's Office and other defendants, *see Leonard v. U.S. Attorney's Office*, 02-CV-23268, thereby denying plaintiff of his Seventh Amendment right to a jury trial. A review of court records on the U.S. District Court Web PACER Docket Report reveals that plaintiff did not

5

appeal said dismissal to the Eleventh Circuit.

The Seventh Amendment is not violated by proper dismissal of claims, because such a ruling means that no triable issue exists to be submitted to a jury. ***Shannon v. Graves***, 257 F.3d 1164, 1167 (10th Cir.2001). If plaintiff believed that his case was improperly dismissed, his remedy was to file an appeal. The instant complaint is tantamount to an appeal of another district court's adverse decision. This Court may not review another federal court's judgment. ***See Bolin v. Story***, 225 F.2d 1234, 1240-41 (11th Cir. 2000) (to allow injunctive relief against federal judges would be to permit a "horizontal appeal" from one district court to another or even "reverse review" of a ruling of the court of appeals by a district court) (citing ***Mullis v. U.S. Bankruptcy Court***, 828 F.2d 1385, 1392-93 (9th Cir. 1987), ***cert. denied***, 486 U.S. 1040 (1988)). Moreover, the Court notes that ruling on legal issues and entering an order of dismissal in a case are judicial acts within a district court judge's jurisdiction. Consequently, the Court concludes that Judge Moreno was acting in his judicial capacity and is entitled to absolute immunity.

### *C. COUNT THREE*

In Count III of his complaint, plaintiff challenges certain rulings of United States District Judge Kenneth Marra in ***Leonard v. U.S. Attorney's Office***, 02-CV-61592. For the reasons stated in Count Two, above, plaintiff's claims against Judge Marra are dismissed. Plaintiff's remedy, again, is to file an appeal with the Eleventh Circuit, which plaintiff apparently has filed in said case.

### *D. COUNT FOUR*

In Court IV of his complaint, plaintiff challenges United States District Judge Lawrence King's dismissal of plaintiff's civil rights action in *Leonard v. Bush*, 03-CV-20980, as frivolous. For the reasons stated in Count Two, above, this claim is meritless and Judge King is dismissed as a defendant.

### *E. COUNT FIVE*

In Count V of his complaint, plaintiff challenges United States District Judge William P. Dimitrouleas' dismissal of plaintiff's petition for writ of mandamus in *Leonard v. U.S. Attorney's Office*, 05-CV-60326. Plaintiff appealed the dismissal, which the Eleventh Circuit affirmed on or about July 7, 2005. For the reasons stated in Count Two, above, plaintiff's claims against Judge Dimitrouleas are dismissed.

### *F. COUNT SIX*

In Count VI, plaintiff alleges that Rachel O'Malley and other unidentified USMS agents carried out Judge Gold's order barring plaintiff from the Miami Federal Courthouse and a judicial proceeding. Plaintiff states that O'Malley and the other Marshals were acting under Judge Gold's direction. As such, O'Malley and the other USMS agents are entitled to absolute judicial immunity. *See Hamilton v. Leavy*, 322 F.2d 776, 782-83 (3d Cir. 2003) ("[A]ction taken pursuant to a facially valid court order receives absolute immunity from § 1983 lawsuits for damages").

### *V. CONCLUSION*

In light of the foregoing, the instant action is hereby **DISMISSED WITHOUT**

7

**PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

   **SO ORDERED**, this 22nd  day of September, 2005.


                                        S/ C. Ashley Royal
                                        C. ASHLEY ROYAL
                                        UNITED STATES DISTRICT JUDGE


cr